**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA ELENA OLIVA-MARTINEZ, | No. 15-70088 |
| Petitioner, | Agency No. A088-966-522 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2020[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Maria Elena Oliva-Martinez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's determination that Oliva-Martinez failed to establish materially changed circumstances affecting her eligibility for asylum that might excuse the untimeliness of her application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i); *Sumolang v. Holder*, 723 F.3d 1080, 1082-83 (9th Cir. 2013) (reviewing for substantial evidence a changed-circumstances determination based on undisputed facts). Although the evidence Oliva-Martinez submitted may show widespread, serious problems in El Salvador as of 2011, including violence against women, the evidence does not show that circumstances changed or worsened in a way that would materially affect Oliva-Martinez's eligibility for asylum.

Substantial evidence supports the agency's adverse credibility determination based on significant discrepancies between Oliva-Martinez's written declaration and her testimony, including the timing of the threats made against her. *Jiang v. Holder*, 754 F.3d 733, 738-39 (9th Cir. 2014) (substantial evidence review is a

highly deferential standard that requires upholding the adverse credibility finding so long as even one basis is supported); *Shrestha*, 590 F.3d at 1043 (adverse credibility finding must be based on the totality of the circumstances). Oliva-Martinez's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). In the absence of credible testimony, Oliva-Martinez's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Oliva-Martinez's claim for CAT protection because it was based on the same evidence that the agency found not credible, and Oliva-Martinez does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Shrestha*, 590 F.3d at 1048-49.

We need not reach the agency's alternative determinations that even if her testimony was credible and her application timely, Oliva-Martinez would still have failed to establish eligibility for asylum, withholding of removal, or CAT protection.

**PETITION DENIED.**

15-70088